UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DERRICK BALDWIN,
Petitioner,

vs.

WARDEN, LEBANON CORRECTIONAL
INSTITUTION,
Respondent.

Civil Action No. 1:07-cv-1018

Spiegel, J.
Hogan, M.J.

**REPORT AND
RECOMMENDATION**

Petitioner, a state prisoner, brings this case *pro se* seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the petition (Doc. 1), respondent's return of writ and exhibits thereto (Doc. 9), and petitioner's traverse brief (Doc. 10), and on petitioner's motion to stay habeas corpus proceedings (Doc. 11) and respondent's memorandum in opposition. (Doc. 12).

## I. PROCEDURAL HISTORY

### State Court Trial Proceedings

In August 2001, petitioner was indicted on two counts of aggravated robbery with specifications and two counts of robbery. (Doc. 9, Exh. 1). Petitioner was convicted on all counts following a jury trial. On December 12, 2002, the trial court imposed terms of four years imprisonment on one count of aggravated robbery, ten years imprisonment on the second count of aggravated robbery, and three years imprisonment on the specifications to count one, to be served consecutively for a total aggregate term of seventeen years. (Doc. 9, Exh. 2).[1]

---

[1] For purposes of sentencing, the robbery counts were merged with the aggravated robbery counts.

## Direct Appeal

Petitioner, represented by new counsel, filed a timely appeal to the First District Court of Appeals, Hamilton County, Ohio and raised the following assignments of error:

> 1. The trial court erred to the prejudice of the Defendant when it overruled Defendant's objection to State's peremptory challenge of an African-American potential juror.
>
> 2. The trial court erred to the prejudice of the Defendant when it based its sentence on factors for which there was no evidentiary basis.
>
> 3. The trial court erred by entering judgment of conviction following a trial at which the prosecutor engaged in misconduct through improper argument.

(Doc. 9, Exh. 3). On September 24, 2003, the Ohio Court of Appeals affirmed the judgment of the trial court. (Doc. 9, Exh. 5).

Petitioner did not pursue an appeal to the Ohio Supreme Court.

## Post-Conviction Motion

On September 22, 2005, petitioner filed a pro se motion to vacate or set aside his sentence based on the ineffective assistance of trial counsel for counsel's failure to object to a sentence which violated the dictates of *Blakely v. Washington*, 542 U.S. 296 (2004). (Doc. 9, Exh. 6). The State filed a memorandum in opposition. (Doc. 9, Exh. 7). On September 28, 2005, the trial court denied the motion. (Doc. 9, Exh. 8). Thereafter, petitioner filed a motion for relief from judgment and a response to the State's memorandum in opposition. (Doc. 9, Exhs. 9, 10). On October 21, 2005, the trial court denied the motion. (Doc. 9, Exh. 11).

On December 7, 2005, petitioner appealed to the First District Court of Appeals and raised five assignments of error:

> 1. The trial court erred and abused its discretion in holding that Appellant did not meet the requirements of Ohio Revised Code §§2953.21(A) & 2953.23(A)(1)(a)(b) in violation of Appellant's absolute right to procedural due

2

process of law as guaranteed by Article I, §16, Ohio Constitution and the Fourteenth Amendment, United States Constitution.

2. The trial court committed prejudicial error and abused its discretion in violation of the Appellant's absolute right to procedural due process of law as guaranteed by Article I, Section 16, Ohio Constitution & the 14th Amendment, United States Constitution when the Court granted Appellee-State of Ohio a motion to dismiss/summary judgment.

3. It was plain error and a violation of Appellant's procedural and substantive right to due process of law for the trial court to sentence Appellant to more than the maximum/minimum concurrent sentence of three (3) years in this case. Contrary to the U.S. Supreme Court's holdings in McMillan v. Pennsylvania, 106 S. Ct. 2411 (1986); Apprendi v. N.J., 120 S. Ct. 2348 (2000); & Blakely v. Washington, 120 S. Ct. 2531 (2004), based upon judicial findings not found by jury; admitted to by Appellant, nor proven beyond a reasonable doubt by the state of Ohio.

4. Defendant-Appellant was deprived of the effective assistance of counsel at trial where counsel allowed the sentencing court to impose other than the minimum-concurrent sentence warranted in violation of Appellant's Sixth & Fourteenth Amendment rights under the U.S. Constitution.

5. Defendant-Appellant's sentence is void ab initio because of lack of notice and the opportunity to be heard. Referencing: LaChance v. Erickson, 522 U.S. 262 (1998).

(Doc. 9, Exh. 12). The State filed a brief in opposition. (Doc. 9, Exh. 13). On August 28, 2006, the Ohio Court of Appeals affirmed the decision of the trial court finding that petitioner failed to timely file his motion to vacate and to satisfy the jurisdictional requirements of Ohio Rev. Code § 2953.23. (Doc. 9, Exh. 14).

Petitioner filed a timely appeal to the Ohio Supreme Court. (Doc. 9, Exh. 15). In his memorandum in support of jurisdiction, petitioner raised four propositions of law:

1. A denial of both procedural due process and equal protection occurs where the trial and appellate courts held that Appellant's petition for postconviction relief did not satisfy gateway passage under O.R.C. §2953.23(A)(1)(a)(b).

3

2. Defendant Appellant's seventeen year sentence is void where the trial court
made and used judicial factfindings to enhance the sentences which prevented
Appellant from receiving the shortest prison term as mandated under O.R.C.
§2929.14(B), in violation of Appellant's absolute right to procedural due process
of law. Referencing: McMillan v. Pennsylvania, (1986), 106 S.Ct. 2411; Apprendi
v. N.J., 120 S. Ct. 2348 (2000); Blakely v. Washington, 124 S. Ct. 2531 (2004);
State v. Foster, (2006), 109 Ohio St. 3d 1, 845 N.E. 2d 740, followed.

3. Defendant-Appellant has been deprived of his absolute right to procedural due
process of law where he was sentenced to a seventeen (17) year judgment where
the state failed to prove any enhancers beyond a reasonable doubt, thereby
"implicitly" acquitting Appellant of any enhancements.

4. Defendant-Appellant's sentence must be reduced to the maximum/minimum
sentence of six (6) years notwithstanding the dicta opinion of State v. Foster,
(2006), 109 Ohio St. 3d 1, 845 N.E. 2d 740, in order not to violate the ex post
facto & double jeopardy prohibition of the Ohio and United States Constitution.

(Doc. 9, Exh. 15). On December 13, 2006, the Supreme Court of Ohio denied leave to appeal

and dismissed the appeal as not involving any substantial constitutional question. (Doc. 9, Exh.

17).

## Federal Habeas Corpus

On December 17, 2007, petitioner, proceeding *pro se*, filed a petition for writ of habeas

corpus in this Court. (Doc. 1). The petition sets forth two grounds for relief:

**GROUND ONE:** Seventeen (17) year sentence void as being contrary to
constitution of the United States Constitution.

**Supporting Facts**: Where state trial Judge made and used "judicial factfindings"
to exceed statutory maximum prison term (shortest) of six (6) years Petitioner's
Sixth & Fourteenth Amendment Right to trial by jury and to proof beyond
reasonable doubt was denied him by State court action.

**GROUND TWO**: 14th Amendment Due Process & Equal Protection Clause
U.S. Constitution requires permanent habeas corpus relief.

**Supporting Facts**: After this Habeas Court determines that Apprendi-Blakely
violation occurred then federal court in exercising its "pendent" jurisdiction per

4

> 28 U.S.C. 1367 must modify 17 year sentence to a six (6) year judgment without remand to State court because remand will subject Petitioner to "judicial enlargement of criminal statutes" of Ohio with Ex Post Facto effect & threaten to expose Petitioner twice being twice placed in jeopardy where he had been "implicitly" acquitted at initial sentencing hearing in State court. Remand pursuant to State v. Foster, (2006), 109 Ohio St.3d 1, 845 N.E. 2d 740. Court may not 'cure' Apprendi-Blakely error by allowing re-sentencing per Foster because two wrongs cannot make a right. Gray v. Mississippi, 107 S. Ct.2045 (1987).

(Doc. 1).

Respondent contends the petition is time-barred and should be dismissed; that Grounds One and Two of the petition have been procedurally defaulted and waived; and that Grounds One and Two of the petition are without merit. Because the Court agrees that the instant petition is untimely under the one-year statute of limitations and should be dismissed as time-barred, the Court declines to reach respondent's alternate contentions.

## II. THE PETITION SHOULD BE DISMISSED AS TIME-BARRED.

Respondent argues that the petition is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214. Under 28 U.S.C. § 2244(d)(1), a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

5

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, Grounds One and Two of the petition essentially assert that petitioner was sentenced in violation of the Sixth Amendment pursuant to the Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) as extended by *Blakely v. Washington*, 542 U.S. 296 (2004). In *Apprendi*, the Supreme Court held, "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. The Supreme Court in *Blakely* reaffirmed *Apprendi's* holding, but clarified:

> [T]he "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*. . . . In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to the punishment," . . . and the judge exceeds his proper authority.

542 U.S. at 303-304 (internal citations omitted) (emphasis in the original).

In this case, the Court must first determine which limitations provision contained in 28 U.S.C. § 2244(d)(1) applies to petitioner's grounds for relief. Respondent argues that petitioner's claims accrued before petitioner's conviction became "final" by the conclusion of direct review or expiration of time for seeking such review; therefore, it is respondent's position

6

that the statute of limitations set forth in § 2244(d)(1)(A) applies, which began to run on November 9, 2003, when the 45-day period expired for filing an appeal to the Ohio Supreme Court from the Ohio Court of Appeals' decision affirming the judgment of the trial court. (Doc. 9, Brief, p. 10). In contrast, petitioner argues that his claims for relief arose much later, after the Ohio Supreme Court decided *State v. Foster,* 109 Ohio St.3d 1, 845 N.E.2d 470 (2006) on February 27, 2006. (Doc. 10). Essentially, petitioner contends that his claims are governed by § 2244(d)(1)(B) or (C) which served to delay the commencement of the statute of limitations by nearly three years.

To the extent petitioner contends the claims alleged in Grounds One and Two of the petition are governed by § 2244(d)(1)(C), it must be established that the legal basis for such claims was "newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review." Petitioner alleges that the non-minimum seventeen-year aggregate sentence imposed for his aggravated robbery convictions is unconstitutional under *Blakely,* particularly in light of the Ohio Supreme Court's decision in *State v. Foster,* 109 Ohio St.3d 1, 845 N.E.2d 470 (2006), which declared several provisions of Ohio's sentencing statute unconstitutional under *Apprendi* and *Blakely.*

Petitioner was sentenced in 2002 and his appeal was denied in 2003, well before the United States Supreme Court handed down *Blakely* on June 24, 2004. It is settled in the Sixth Circuit that *Blakely* does not apply retroactively to cases on collateral review where the conviction in question became final prior to the date of the *Blakely* decision. *See Humphress v. U.S.,* 398 F.3d 855, 860 (6th Cir. 2005), *cert. denied,* 546 U.S. 885 (2005) (*United States v. Booker,* 543 U.S. 220 (2005), which extends the reasoning of *Blakely* to the federal sentencing

7

guidelines, is not retroactive). *See also Valentine v. U.S.*, 488 F.3d 325, 329-31 (6th Cir. 2007); *Spiridigliozzi v. U.S.*, 117 Fed. Appx. 385, 394 (6th Cir. 2004); *cf. Allen v. Moore*, 1:05-cv-731, 2007 WL 651248, at *4 & n. 1 (S.D. Ohio Feb.23, 2007) (Barrett, J.) (unpublished) (noting that *Blakely* applied in case where the petitioner was sentenced pre-*Blakely*, but his direct appeal was still pending on the date *Blakely* was decided). Petitioner's conviction became final on November 10, 2003, over six months before the *Blakely* decision. Therefore, the running of the statute of limitations under Section 2244(d)(1)(C) does not apply to this habeas petition.

Nor may petitioner rely upon the Ohio Supreme Court's decision in *Foster* to delay the limitations period under § 2244(d)(1)(C). *Foster* was not decided by the United States Supreme Court, a prerequisite for application of the limitations provision set forth in § 2244(d)(1)(C). In any event, the Ohio Supreme Court in *Foster* expressly stated that its decision extended only to cases still pending on direct review. *Foster*, 845 N.E.2d at 499. Because petitioner's direct appeal had been denied three years earlier, petitioner is unable to prevail on any claim that *Foster* may be applied retroactively to his case.

Petitioner also argues that his petition is not time-barred because Section 2244(d)(1)(B) applies to his case. (Doc. 10 at 8). Section 2244(d)(1)(B) provides the one-year limitation period begins on "the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action." To invoke the limitations provision set forth in § 2244(d)(1)(B), petitioner must establish that "(1) he was prevented from filing a federal habeas petition, (2) by State action, (3) in violation of the Constitution or federal law." *Neff v. Brunsman*, No. 1:06-cv-135, 2007 WL 912122, *7 (S.D. Ohio March 23, 2007) (Spiegel, J.;

8

Black, M.J.) (quoting *Evans v. Lazaroff*, No. 2:06-cv-188, 2006 WL 3759697, at *5 (S.D. Ohio Dec. 19, 2006) (Holschuh, J.; Abel, M.J.) (unpublished) (citations omitted). There must be a causal connection between the allegedly unconstitutional state action and being prevented from filing the petition. *Id.* For example, § 2244(d)(1)(B) has been found to apply in cases where the petitioner has alleged facts indicating his counsel was ineffective in perfecting or pursuing an appeal requested by him and such ineffectiveness actually prevented him from filing a timely habeas petition. *See, e.g., Waldron v. Jackson*, 348 F. Supp.2d 877, 882-86 (N.D. Ohio 2004); *Woods v. Jackson*, No. 1:00-cv-803, 2006 WL 746293, at *5-7 (S.D. Ohio Mar. 22, 2006) (Spiegel, S.J.) (unpublished).

Petitioner contends the State of Ohio impeded his ability to file his habeas corpus petition by not recognizing the rule in *Apprendi-Blakely* until February 27, 2006, when the Ohio Supreme Court decided *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006) and declared several provisions of Ohio's sentencing statute unconstitutional. Petitioner suggests that had the Ohio Supreme Court rendered *Foster* in a more timely matter, his petition would not have been delayed.

The term "impediment" as set forth in § 2244(d)(1)(B) is not synonymous with the term "futile." *Minter v. Beck*, 230 F.3d 663, 666 (4th Cir. 2000). Thus, even where unfavorable state law precedents would indicate the futility of raising a claim in the state courts, such state law precedents do not constitute an "impediment" within the meaning of § 2244(d)(1)(B). *Minter*, 230 F.3d at 665-66. *See also Golson v. Brunsman*, No. 3:08-cv-012, 2008 WL 281585, 4 (S.D. Ohio 2008) (Rice, J.; Merz, M.J.). *Cf. Scott v. Mitchell*, 209 F.3d 854, 871-72 (6th Cir. 2000) (defendant's failure to raise an issue in state court is not excused by defendant's view, even if

9

reasonable, that argument might be rejected by the state courts). Petitioner fails to show how the Ohio courts, prior to the Ohio Supreme Court's decision in *Foster*, barred him from effectively pursuing federal relief. Nothing impeded petitioner from pursuing his claim either through an appeal to the Ohio Supreme Court or by filing his habeas petition in federal court. Therefore, petitioner's argument for use of the statute of limitations set forth in Section 2244(d)(1)(B) is without merit.

The Court agrees with respondent that the claims alleged in Grounds One and Two of the petition are governed by the limitations provision set forth in § 2244(d)(1)(A), which provides that the one-year statute of limitations begins to run from the date on which the challenged judgment became "final" by the conclusion of direct review or the expiration of time for seeking such review. Petitioner seeks habeas corpus relief based on alleged sentencing errors. Because nothing in the record suggests that petitioner could not discover the factual predicate of Grounds One and Two of the petition at the time he was sentenced, these claims are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A).

Under § 2244(d)(1)(A), petitioner's conviction became "final" on November 10, 2003, forty-five days after the Ohio Court of Appeals' September 24, 2003 decision affirming the judgment of the trial court. (Doc. 9, Exh. 5).[2] Therefore, the statute of limitations commenced running the following day on November 11, 2003, and expired one year later on November 11, 2004, *see* Fed. R. Civ. P. 6; *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000), absent the

---

[2]Under Ohio law, petitioner had forty-five day to file an appeal to the Supreme Court of Ohio from the date of decision of the Ohio Court of Appeals. *See* Rule II, Section 2(A)(1), Rules of Practice of the Supreme Court of Ohio. Because the 45th day ended on a Saturday, November 8, 2003, the appeal deadline was extended to the first business day or Monday, November 10, 2003. *See* S.Ct. Prac. R. XIV, Section 3(A).

application of the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) or any other applicable tolling principles.

Section 2244(d)(2) states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id. See Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999), *cert. denied*, 530 U.S. 1210 (2000). *See also Bennett v. Artuz*, 531 U.S. 4, 8-9 (2000). In this case, the statute of limitations had already expired by the time petitioner filed his state court petition for post-conviction relief raising his *Blakely* sentencing claim on September 22, 2005. Section 2244(d)(2)'s tolling provision "does not . . . 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (citation omitted). Since the AEDPA's one-year period had expired nearly one year before petitioner filed his petition for post-conviction relief, there was no time left to toll, and the AEDPA's tolling provision does apply.

The statute of limitations in this matter expired on November 11, 2004. Petitioner's habeas corpus petition was filed in this Court on December 17, 2007 and, accordingly, it was submitted over three years too late.

Although the statute of limitations may be equitably tolled in limited circumstances, *Allens v. Yukins*, 366 F.3d 396 (6th Cir.), *cert. denied*, 543 U.S. 865 (2004), petitioner is not entitled to equitable tolling in this matter. Before equitable tolling is appropriate, petitioner must demonstrate: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

11

circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation and quotation marks omitted). Equitable tolling decisions are made on a case-by-case basis. *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005). In *Souter*, the Sixth Circuit held that "equitable tolling of the one-year limitations period based on a credible showing of actual innocence is appropriate." 395 F.3d at 599 (following *Schlup v. Delo*, 513 U.S. 298 (1998)). The *Souter* Court held that "where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims." *Souter*, 395 F.3d at 602.

If petitioner fails to establish actual innocence under the standard enunciated in *Souter*, the Court examines the five factors outlined in *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001), *cert. denied*, 122 S.Ct. 649 (2001), to determine whether equitable tolling of the limitations period is appropriate. In determining whether the statute of limitations should be equitably tolled, the court must consider the following factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008 (citing *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)). The absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap*, 250 F.3d at 1009; *Andrews*, 851 F.2d at 151(citing *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984)). The absence of prejudice may only be

considered when other factors of the test are met. *Id.*

First, petitioner does not meet his burden of establishing actual innocence under *Souter*. To make the necessary showing, petitioner must support his allegations of constitutional error "with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup*, 513 U.S. at 324. Because petitioner has provided no new exculpatory evidence, *Souter* does not apply to toll the statute of limitations. *See Ross v. Berghuis*, 417 F.3d 552, 555 (6th Cir. 2005).

Second, equitable tolling is not appropriate under the *Dunlap* factors. Petitioner has made no attempt to apply the five *Dunlap* factors to this case. Moreover, there is no evidence in the record that even remotely suggests petitioner lacked notice or constructive knowledge of the filing requirement for federal habeas petitions or that he has been diligent in pursuing his rights. Petitioner's ignorance of the law does not suffice to equitably toll the statute of limitations in this case. *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991). Therefore, equitable tolling under *Dunlap* is inappropriate in this case.

Accordingly, in sum, the undersigned concludes that under the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), the petition is time-barred and should be dismissed.[3]

---

[3] In any event, petitioner's sentence did not violate *Apprendi* because his sentence did not *exceed* the statutory maximum penalty. *See Apprendi*, 530 U.S. at 490. Nor, as discussed above, did petitioner's sentence implicate *Blakely* because he was sentenced over six months prior to *Blakely* and *Blakely* is not retroactively applicable on collateral review. *See Humphress*, 398 F.3d at 860; *Winters v. Warden, Noble Correctional Institute*, No. 1:06-cv-428, 2007 WL 2733995 at *5-6 (S.D. Ohio September 13, 2007) (Dlott, J.) (adopting Report and Recommendation), unreported.

13

## III. PETITIONER'S MOTION TO STAY THESE HABEAS CORPUS PROCEEDINGS SHOULD BE DENIED.

Petitioner seeks a stay of these habeas corpus proceedings to return to the state court to exhaust a new claim concerning his allegedly defective indictment. While the district court has the discretion under certain circumstances to stay a habeas corpus proceeding when presented with a "mixed" habeas petition, that is, one containing both exhausted and unexhausted claims, *see Rhines v. Weber,* 544 U.S. 269 (2005), the instant petition is not mixed. The original petition asserts only exhausted claims and petitioner has never sought leave to amend his petition to raise a new claim that his indictment was defective.

Assuming, *arguendo*, petitioner sought leave to amend his original petition, leave would nevertheless be denied because the new claim would be barred by the one-year statute of limitations. A habeas petition may only be amended to raise new claims beyond the statute of limitations where the amendment involves the same "conduct, transaction or occurrence" as the original petition and would relate back to the original filing. *See Mayle v. Felix,* 545 U.S. 644 (2005). However, where, as here, the original petition is itself barred by the statute of limitations, relation back of an amended petition would still time-barred and amendment would be denied as futile. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Moss v. United States,* 323 F.3d 445, 476 (6th Cir. 2003), *cert. denied,* 540 U.S. 879 (2003).

A stay of these proceedings would serve no useful purpose. Accordingly, petitioner's motion to stay these habeas corpus proceedings to exhaust his state court remedies on a new claim should be denied.

## IT IS THEREFORE RECOMMENDED THAT:

1. The petition be **DISMISSED** with prejudice on the ground that it is barred from review under the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).

2. Petitioner's motion to stay these habeas corpus proceedings to exhaust his state court remedies (Doc. 11) be **DENIED**.

3. A certificate of appealability should not issue with respect to the petition, which this Court has concluded is barred by the statute of limitations, because under the applicable two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[4]

4. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, **DENY** petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

Date: 1/14/09

Timothy S. Hogan
United States Magistrate Judge

---

[4] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim. *See Slack*, 529 U.S. at 484.

15

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

DERRICK BALDWIN,
    Petitioner,

vs.

WARDEN, LEBANON CORRECTIONAL
INSTITUTION,
    Respondent.

Civil Action No. 1:07-cv-1018

Spiegel, J.
Hogan, M.J.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action brought under 28 U.S.C. § 2254. Any party may object to the Magistrate Judge's Report and Recommendation within **TEN (10) DAYS** of the filing date of this R&R. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s) Any response by an opposing party to the written objections shall be filed within TEN (10) DAYS after the opposing party has been served with the objections. A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by ( Printed Name) \| C. Date of Delivery |
| 1. Article Addressed to:<br><br>Derrick Baldwin<br>447-456<br>Lebanon Corr. Inst.<br>PO Box 56<br>Lebanon, OH 45036 | D. Is delivery address different from item 1? ☐ Yes ☐ No<br>If YES, enter delivery address below:<br><br>3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number (Transfer from service label) | 7007 0710 0000 8134 9939 |

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

1:07cv1018    Doc. 13