UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DERRICK BALDWIN,
    Petitioner,

    v.

WARDEN, LEBANON CORRECTIONAL INSTITUTION
    Respondent.

NO. 1:07-CV-1018

**OPINION AND ORDER**

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 13), and Petitioner's Objections thereto (doc. 15). For the reasons stated herein, the Court ADOPTS the Report and Recommendation in its entirety.

The Court incorporates here the thorough recitation of the procedural and factual background found in the Magistrate Judge's Report and Recommendation (doc. 13). Petitioner, an inmate in state custody, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 17, 2007, alleging the following two grounds for relief: (1) "Seventeen (17) year sentence void as being contrary to constitution of the United States Constitution"; and (2) "14th Amendment Due Process & Equal Protection Clause U.S. Constitution requires permanent habeas corpus relief" (doc. 1).

In his Report and Recommendation, the Magistrate Judge

thoroughly reviewed the factual and procedural background, and concluded that the petition should be dismissed as time-barred (doc. 13). The Magistrate Judge noted that 28 U.S.C. § 2244(d), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996, sets forth a one-year statute of limitations (Id.). Finding that Petitioner's grounds for relief essentially assert that Petitioner was sentenced in violation of the Sixth Amendment, the Magistrate Judge concluded that these claims are governed by the limitations provision set forth in § 2244(d)(1)(A), which provides that the one-year statute of limitations begins to run from the date on which the challenged judgment became "final" by the conclusion of direct review or the expiration of time for seeking such review (Id.). The Magistrate Judge found that Petitioner's conviction became final on November 10, 2003, forty-five days after the Ohio Court of Appeals' September 24, 2003 decision, and expired one year later on November 11, 2004 (Id., citing Fed.R.Civ.P. 6, <u>Bronaugh v. Ohio</u>, 235 F.3d 280, 285 (6th Cir. 2000)). After finding that Petitioner is not entitled to equitable tolling, the Magistrate Judge concluded that the petition, filed more than three years late on December 17, 2007, was time-barred and should be dismissed (Id.).

Additionally, the Magistrate Judge considered Petitioner's Motion to stay the habeas corpus proceedings (Id.). The Magistrate Judge found that because Petitioner's petition only

asserts exhausted claims, and because the claims in his original petition are time-barred, a stay of these proceedings would serve no useful purpose, and recommended that Petitioner's motion for stay be denied (Id.).

Petitioner objects to the Magistrate Judge's findings, arguing that enforcement of the one-year statute of limitations would result in a manifest miscarriage of justice (doc. 15). The Court finds this objection without merit. As the Magistrate Judge noted, in order for equitable tolling to apply, a petitioner must prove either actual innocence, or that tolling is appropriate under the five factors outlined in Dunlap v. United States, 250 F.3d 1001 (6th Cir. 2001). Petitioner's vague claim of a manifest miscarriage of justice does not establish actual innocence, nor that he meets any of the Dunlap factors. Having fully considered this matter, the Court finds the Magistrate Judge's Report and Recommendation well-reasoned, thorough, and correct.

**II. Conclusion**

For the foregoing reasons, the Court OVERRULES Petitioner's objections (doc. 15) and ADOPTS the Report and Recommendation in its entirety (doc. 13). Therefore, the Court:

1) DENIES WITH PREJUDICE the petition for writ of habeas corpus under 28 U.S.C. § 2254 (doc. 1), and DENIES Petitioner's Motion to Stay (doc. 11).

2) DOES NOT ISSUE a certificate of appealability because

-3-

jurists of reason would not find it debatable whether the Court is correct in its procedural ruling. <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85 (2000).

  3) CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in "good faith," and therefore DENIES petitioner leave to appeal <u>in</u> <u>forma</u> <u>pauperis</u>.


  SO ORDERED.

Dated: April 14, 2009    <u>/s/ S. Arthur Spiegel  </u>
           S. Arthur Spiegel
           United States Senior District Judge